HUNDUS N. NELSON and Another v. FRANK GEASKAMYIER and Others.[1]

November 29, 1901.

Nos. 12,713—(89).

Cancellation of Contract.

> *Held,* in an action brought by the vendors to annul, terminate, and cancel a written contract for the sale and conveyance of land on the ground that the vendees had failed and refused to perform by payment, that the findings of fact justified the conclusions of law whereby the trial court denied the relief demanded in the complaint.

Appeal by plaintiffs from a judgment of the district court for Wright county entered pursuant to the findings and order of Giddings, J. Affirmed.

*W. H. Cutting,* for appellants.

*C. A. Pidgeon* and *E. S. Oakley,* for respondents.

COLLINS, J.

This action, brought by plaintiffs, as vendors named in a certain written contract for the sale and conveyance of land, to have it annulled, terminated, and cancelled on the ground that the four defendants (one being an original vendee, and the others successors to the interest of another original vendee) had failed and refused to pay in accordance with the terms of said contract, was tried by the court, and, on its findings of fact, judgment was ordered denying the relief demanded in the complaint, fixing the rights of the respective parties, and providing for a substantial performance of the contract by the payment of a balance due thereon by defendants, and the execution and delivery of a deed by plaintiffs. The latter appealed from the judgment thereupon entered, and the appeal is before us upon a bill of exceptions, not upon a settled case purporting to contain all of the evidence.

Several of the assignments of error are that certain findings of fact are not supported by the evidence, but we cannot consider any of these assignments on a bill of exceptions. The main assign-

[1] Reported in 87 N. W. 1121.

ment is that the conclusions of law are not justified by the findings of fact, and this leads us to a brief statement of the facts, as found or admitted:

In January, 1895, the plaintiffs were the owners in fee simple of the land in controversy, and then entered into a contract with the defendant Geaskamyier and one Perry whereby they agreed to sell and convey the same to the last-named parties for the sum of $600; $200 to be paid at the execution of the contract, $100 on October 1, following, and $300 upon a note payable to some third party, and secured by a mortgage which had theretofore been placed upon this land and other premises, and which was not then due. From the record we cannot ascertain when the $300 was to be paid. The vendees were also to pay all taxes upon the premises as they matured, and the amount of the deferred payments was to bear interest at ten per cent., payable annually. It was stipulated that, if the vendees should fail to make the payments agreed upon, the whole amount unpaid should, at the election of the vendors, become immediately due and payable, and thereupon the contract should be forfeited and determined by giving thirty days notice in writing of an intention to cancel the same, setting forth in the notice the amount due thereon, and the time and place, and when and where, the payment thereof could be made. This notice was optional with the vendors. It was also stipulated that the thirty-days notice was, and should be held, reasonable and sufficient in case of failure on the part of the vendees to perform on their part and to pay as agreed upon.

The vendees paid to the vendors the sum of $78 in cash and $53.12 in wood, in addition to the payment down of $200; but they failed to pay the taxes for the years 1897 and 1898, and paid nothing whatever on the mortgage note. In May, 1898, the defendants Ferrell succeeded to all the right, title, and interest of Perry in and to the land described in the contract, and in and to the contract itself. Geaskamyier paid to the plaintiffs one-half of the whole amount due upon the contract, except the sum of $5, and in March, 1899, granted and conveyed to the plaintiff Hundus N. Nelson all of his right, title, and interest in and to the

land, and since then has had no interest in the property, although named as a defendant in the action.

But prior to this, in January, 1899, the vendors gave written notice, by proper service thereof upon Geaskamyier and Joseph Ferrell, of their decision to annul and terminate the contract unless payment was made of the balance due within thirty days from the date of this service. It was stated in the notice that over $650 was due, but this was $270 more than vendors were entitled to, and such a statement could not have been an innocent mistake. By the notice Geaskamyier and the Ferrells were informed that payment must be made at the State Bank of Cokato, Wright county, Minnesota,—not far from the land. Immediately after service of this notice the Ferrells proceeded to this bank for the purpose of ascertaining how much was due on the contract, and with intent to pay the same. It appears that they did not then know how much had been paid on the contract. They were informed by the president of the bank, which bank held the mortgage note, that only $85 was due, and were directed by him to pay that sum to the vendor Hundus Nelson, one of these plaintiffs. The Ferrells then went to Nelson's residence, and there paid the $85 to him, and he has ever since retained it.

It is undisputed that at this time there was more or less talk about the plaintiffs making a deed to the Ferrells of an undivided half of the land upon the payment of their share of the $300 due upon the mortgage note; that afterward and by agreement the parties met at Cokato, and there again discussed the matter. Plaintiffs did not refuse to comply with their contract, but undoubtedly led the Ferrells to believe to the contrary. This was all subsequent to the service of the notice. But, instead of performing, they instituted this action soon afterward. Upon these findings the court, as before stated, refused to declare the contract forfeited, ascertained the amount due from the Ferrells upon the mortgage note, which had matured in the meantime, and ordered that the plaintiffs make, execute, and deliver to them a warranty deed conveying an undivided half of the premises free and clear from all incumbrances, except as to an undivided one-half of the

said mortgage for $300, which mortgage had been partially released, so that it was no longer a lien upon any other premises. This half the Ferrells were required to assume and pay within twenty days after the entry of judgment. Another provision was made in case the plaintiffs refused to convey upon the payment of the money.

It is very evident that the court below could not grant the relief demanded in the complaint on these facts. In every way possible the Ferrells had endeavored to comply with the notice served upon them, and in pursuance thereof had attempted to make payment of the balance due from Perry at the place specified in the notice, and to the officers of the bank, who were plaintiff's designated agents to receive such payment. The latter declined to accept, but referred the parties to one of the plaintiffs, and to him they paid the balance due ($85), which he accepted, retained, and still has in his possession. The Ferrells stood ready and willing to pay the balance due, and were prevented from doing so by the acts of the plaintiffs or their agents. The court in no manner attempted to make a new contract for these parties, but simply ordered judgment in accordance with the terms of that which had previously been entered into, which plaintiffs sought to enforce by means of the notice, and with which the Ferrells endeavored to comply.

Judgment affirmed.